UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAMIE DENISE ROGERS, | ) | CIVIL NO. 3:18-cv-805 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT WILKIE, | ) | |
| *Defendant.* | ) | February 21, 2019 |
| | ) | |

**MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
(ECF NO. 20)**

**Preliminary Statement of the Case**

The Plaintiff, proceeding *pro se*, brings this employment discrimination action against her former employer, Defendant Robert Wilkie, Secretary of Veterans Affairs. Proceeding under the Americans with Disability Act of 1990[1] (the "ADA") and the Rehabilitation Act of 1973, as Amended (Rehab Act), the Plaintiff alleges, *inter alia,* that the Defendant failed to make accommodations for her disability. On August 23, 2018, the Defendant moved for dismissal of the Complaint on two grounds: (1) that the Plaintiff failed to timely exhaust administrative remedies; and (2) that the Complaint fails to state a claim for which relief may be granted. (ECF No. 20.) The Plaintiff filed an objection on August 30, 2018, contending that she timely exhausted her administrative remedies. (ECF No. 22.) The Defendant replied on August 31, 2018.[2] (ECF No. 23.) For the reasons that follow, the Court declines to consider the question of whether the Plaintiff

---

[1] The Court notes that the ADA does not cover the executive branch of the Federal government. *See Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72 (2d Cir. 2000). Instead, the executive branch, of which the Department of Veterans Affairs is a part, is covered by the Rehabilitation Act of 1973. 29 U.S.C. § 791(b) (1994). The Court therefore construes the Plaintiff's claim within the framework of the Rehabilitation Act only.

[2] The Plaintiff filed a sur-reply, styled as a "SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS," on February 13, 2019. D. Conn. L. Civ. R. 7(d) provides: "No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon showing of good cause." The Plaintiff did not seek leave of the Court to file the sur-reply. In addition, it was filed five and one-half months after the defendant's Reply Memorandum. Accordingly, the sur-reply is not considered for purposes of resolving this motion.

1

exhausted her administrative remedies in a timely fashion under Federal Rule of Civil Procedure Rule 12(b)(6). The motion to dismiss on the latter ground is, however, GRANTED without prejudice. The Plaintiff is afforded until March 11, 2019 to file an Amended Complaint.

**Standard of Review**

When considering a motion to dismiss under Rule 12(b)(6), the Court must "draw all reasonable inferences in Plaintiff's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). A plaintiff is entitled to relief if she alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiff's claims across the line from conceivable to plausible." (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 570)).

"[C]ourts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted) (citing *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation and quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed as to do justice."). To survive a Rule 12(b)(6) motion to

dismiss, however, a *pro se* plaintiff's factual allegations must be at least "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

That said, the Court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678)). Moreover, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**Factual Allegations**

The Plaintiff pleads the following in her Complaint:[3]

Employer denied request for an accommodation. I was paid annual leave and sick leave when I was not separated from service, no longer listed as a federal employee per the national helpdesk. I was subjected to false statements and misrepresentations on my CA-7 claim form and also subjected to harassment including hostile, offensive remarks by supervisor. ESO compliant (sic) denied. I suffered retaliation, harassment and discrimination.

(ECF No. 1 at 3). The Plaintiff brings one cause of action, alleging that "My rights for accommodation for my disability was denied per Americans with Disabilities Act 19B."[4] (*Id.*) In support of this count, she pleads the following:

My disability is approved work related injury as of 9-14-2014. Jamie Stratton workers compensation specialist manage (sic) my claim January, 2014 to July, 2014, very knowledgeable of request accommodation. Kris Azy my supervisor knowledgeable of request accommodation, correspondence with Jamie Stratton OWCP specialist about my

---

[3] The Court quotes the Complaint verbatim rather than attempt to interpret the nature and scope of the allegations intended.
[4] *See* footnote 1, *supra*.

3

claim, December 2015, July 22, 2016. Lizzie McAdam, MA, MS, RDT therapist, is my therapist who I see on a weekly basis December 30, 2015 to present. DR. Lubin – psychiatrist - January 2016 to present date. DR. Syed psychiatrist who diagnosed me with post Traumatic stress Disorder May, 2011. Merrill Shrayer co worker.

(*Id*.)

**Discussion**

The Defendant moves to dismiss the complaint on two grounds: (1) that the Plaintiff failed to timely exhaust administrative remedies; and (2) that in any event, the complaint does not comport with Rule 8(a) and the pleading requirements established by *Iqbal* and its progeny.

With respect to the first ground, the Defendant asserts that the Plaintiff's EEOC complaint was not timely filed and was therefore rejected by the EEOC. For the same reason, the Defendant avers the complaint should be dismissed. The Plaintiff responds by asserting that her EEOC filing was timely under the circumstances and she appears to assert a claim that the limitations period for filing should have been equitably tolled. On this issue, both parties have submitted materials and/or allegations outside of the pleadings. The Defendant submitted, *inter alia,* the Plaintiff's Administrative EEO Complaint, attached as Exhibit 1 to the Defendant's Motion to Dismiss; an affidavit of Paula Webb, the EEO manager of the U.S. Department of Veteran Affairs Medical Center in West Haven, attached as Exhibit 2 to the Defendant's Motion to Dismiss; and the EEOC's April 5, 2018, decision affirming the dismissal of the Plaintiff's administrative complaint, attached as Exhibit 3 to the Defendant's Reply. The Plaintiff submitted a multitude of allegations not contained in the Complaint as well as a letter from Drs. Stephanie Kilpatrick and Hadar Lubin that purports to explain why the Plaintiff was medically unable to file a complaint within forty-five days. The medical letter, addressed to counsel for the Defendant, is attached as an exhibit to the Plaintiff's objection.

A Rule 12(b)(6) decision assesses "the legal feasibility of the complaint," without "weigh[ing] the evidence that might be offered to support it," and is therefore generally confined to the four corners of a complaint. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). "[D]ocuments outside the complaint are generally off-limits on a motion to dismiss," unless they are incorporated in the complaint by reference, integral to the complaint, or matters of which the Court can take judicial notice. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). The extraneous documents, affidavit, and letter submitted were neither attached to nor incorporated into the Complaint. Nor can they be fairly construed to be "integral" to the Complaint. In addition, the additional averments relied upon by the Plaintiff appear nowhere in her Complaint. As such, these matters are not properly considered on a motion made pursuant to Rule 12(b)(6).

The Court recognizes that it has the discretion, when it receives matters outside of the pleadings, to convert the motion into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d); *Aetna Cas. & Surety Co. v. Aniero Concrete Co.,* 404 F.3d 566, 573 (2d Cir. 2005); *Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*, No. 07cvl 1028 (PKL), 265 F.R.D. 106, 122 (S.D.N.Y. 2010). However, Rule 12(d) requires that, prior to conversion to a motion for summary judgment, all parties must "be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In addition, and in particular with a *pro se* party, the *pro se* party must be aware of the consequences of failing to offer evidence bearing on the triable issues and must have "'unequivocal' notice of the meaning and consequence of conversion to summary judgment." *Hernandez v. Coffey*, 582 F.3d 303, 307-308 (2d Cir. 2009) (quoting *Beacon Enter. Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983). Here, the case is at a very early stage, and as noted below, the nature and scope of the Plaintiff's

5

claim, as pleaded, remains largely unclear. The Court's standard Notice to Pro Se Litigants does not adequately apprise the Plaintiff of the "consequences of a conversion to summary judgment" and the Court finds it would be inequitable under these circumstances to convert the motion. The motion to dismiss is therefore denied on this ground without prejudice to the Defendant raising the issue at the summary judgment stage, in the event that the Plaintiff files an Amended Complaint as permitted herein.

The court turns next to the second claim regarding the sufficiency of the allegations under Rule 8(a) and *Iqbal* and its progeny. The Plaintiff's claims are wholly inadequate under the standards set forth above. Although it is not entirely clear, the Court construes the Plaintiff's claim under the Rehabilitation Act to derive from the Defendant's failure to accommodate her disability. A prima facie case for a failure to accommodate claim under the Rehabilitation Act "requires a showing that (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 183–84 (2d Cir. 2006) (*quoting Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004)). In a case such as this, "the plaintiff bears the burden of both production and persuasion as to the existence of some accommodation that would allow her to perform the essential functions of her employment[.]" *McBridge v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009). The brief series of allegations set forth above do not, even in conclusory fashion, set forth a failure to accommodate claim. The Plaintiff has offered only "labels and conclusions," *Twombly*, 550 U.S. at 555, combined with references to persons with whom she worked or by whom she was

treated.[5]  In addition, the Plaintiff asserts that she "suffered retaliation, harassment and discrimination." (ECF No. 1 at 3.) The Complaint contains no underlying factual allegations to support these conclusory theories of liability.

For the foregoing reasons, the motion to dismiss is therefore GRANTED without prejudice. The Plaintiff may file an Amended Complaint **on or before March 11, 2019**, in which she must set forth sufficient facts to sustain whatever theories of liability she intends to pursue under the Rehabilitation Act.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of February 2019.

*/s/ Kari A. Dooley*
Kari A. Dooley
United States District Judge

---

[5] The Plaintiff may have intended to list witnesses with knowledge of her work history or claims.